IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN WILD HORSE CAMPAIGN<br>216 F St., #131<br>Davis, CA 95616<br><br>     Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT<br>OF AGRICULTURE<br>1301 Independence Ave. SW<br>Washington, D.C. 20024<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No: 22-cv-948<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT**

## I.  INTRODUCTION

1.  Plaintiff American Wild Horse Campaign ("AWHC") brings this action seeking declaratory and injunctive relief to redress violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et. seq*., by Defendant United States Department of Agriculture (hereinafter "USDA") in failing to provide AWHC with all non-exempt records responsive to its December 5, 2021, FOIA request to USDA APHIS, seeking copies of memorandums or reports to or from Albert Kane, that discuss or describe the BLM's Wild Horse & Burro Program for the time period of June 15, 2021, to September 15, 2021.

## II. JURISDICTION

2.  This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA citizen suit provision) and 28 U.S.C. § 1331 (federal question).

## III. VENUE

3.  Venue in this Court is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

## IV. PARTIES

4.  Plaintiff, American Wild Horse Campaign, is a non-profit organization that, at all times relevant herein, has been headquartered in Davis, California.

5.   Defendant United States Department of Agriculture is federal agency of the United States, and as such, is an agency subject to the FOIA, pursuant to 5 U.S.C. § 552(f).

## V.  LEGAL FRAMEWORK OF FOIA

6.  FOIA requires, *inter alia*, that all federal agencies must promptly provide copies of all non-exempt agency records to those persons who make a request for records that reasonably describes the nature of the records sought, and which conform with agency regulations and procedures in requesting such records. 5 U.S.C. § 552(a)(3)(A).

7.  FOIA requires federal agencies to make a final determination on all FOIA requests that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such request, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for

responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(I).

8.   FOIA also requires federal agencies to make a final determination on FOIA administrative appeals that it receives within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal, unless the agency expressly provides notice to the requester of "unusual circumstances" meriting additional time for responding to a FOIA request. 5 U.S.C. § 552(a)(6)(A)(ii).

9.   FOIA expressly provides that a person shall be deemed to have constructively exhausted their administrative remedies if the agency fails to comply with the applicable time limitations provided by 5 U.S.C. § 552(a)(6)(A)(I) - (ii). *See* 5 U.S.C. § 552(a)(6)C).

10.   FOIA provides that any person who has not been provided the records requested pursuant to FOIA, after exhausting their administrative remedies, may seek legal redress from the Federal District Court to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.

11.   Under FOIA, the federal agency has the burden to sustain its actions. 5 U.S.C. § 552(a)(4)(B).

12.   Pursuant to FOIA, this Court may assess attorney fees and litigation costs against the United States if the Plaintiff prevails in this action.  5 U.S.C. § 552(a)(4)(E).

## VI.  FACTUAL ALLEGATIONS

13.  On or about December 5, 2021, American Wild Horse Campaign (AWHC) sent a FOIA request to the USDA Animal and Plant Health Inspection Service (APHIS), a subagency of United States Department of Agriculture, seeking copies of records to or from USDA APHIS veterinarian Albert Kane, that discuss or describe the BLM's Wild Horse & Burro Program for the time period of June 15, 2021, to September 15, 2021.

14.  On or about December 6, 2021, USDA APHIS emailed AWHC, acknowledging receipt of  AWHC's December 5, 2021, FOIA request, and assigning it tracking number 2022-APHIS-01101-F.

15.  On or about January 8, 2022, AWHC emailed USDA APHIS requesting an estimated completion date for its December 5, 2021, FOIA request.

16.   On or about January 11, 2022, APHIS emailed USDA AWHC indicating that the Agency was still searching for responsive records.

17.  On or about February 1, 2022, USDA APHIS sent email to AWHC, indicating that it was in receipt of search results and would provide AWHC with a response by the end of the calendar month.

18.  On or about February 8, 2022, AWHC sent an email to USDA APHIS, requesting an estimated completion date for its December 5, 2021, FOIA request.

19.   On or about February 9, 2022, USDA APHIS sent an email to AWHC indicating that the agency would provide its response by the end of the month.

20.  On or about February 9, 2022, AWHC emailed USDA APHIS, requesting clarification as to whether the agency would be sending an estimated date of completion of the request or the responsive records.  AWHC again requested an estimated date of completion.

21.  On or about February 9, 2022, USDA APHIS sent an email to AWHC indicating that the agency would provide its final response to Plaintiff's December 5, 2022, FOIA request by the end of the month.

22.  On or about February 15, 2022, USDA APHIS emailed AWHC a final decision letter, along with 2 pages of records responsive to Plaintiff's December 5, 2022, FOIA request.

23.  On or about February 16, 2022, AWHC appealed USDA APHIS's February 15, 2022, final FOIA response decision to the United States Department of Agriculture (USDA).

24.  On or about February 17, USDA sent an email to AWHC indicating that it had received AWHC's February 16, 2022, FOIA administrative appeal, and assigned it tracking number 2022-APIDS-00056-A.

25.  On or about February 25, 2022, AWHC emailed USDA updating its contact information with the Agency.

26.  On or about March 10, 2022, USDA emailed AWHC its response letter, denying AWHC's FOIA Appeal.

27.   As of the date of the filing of this action, Plaintiff AWHC has not received all of non-exempt responsive records which it requested in its December 5, 2022, FOIA request to the USDA APHIS.

## VII. CLAIMS FOR RELIEF

28.  AWHC realleges, as if fully set forth herein, paragraphs 1-27 previously set forth herein.

29.  Defendant USDA has violated FOIA by failing to provide AWHC with all non-exempt responsive records for its December 5, 2021, FOIA request.

30.  By failing to provide AWHC with all non-exempt responsive record to its December 5, 2021, FOIA request as described in paragraph 13 above, Defendant USDA has denied AWHC's right to this information as provided by the Freedom of Information Act.

31. Defendant USDA has violated FOIA by failing to perform an adequate search reasonably calculated to locate all responsive records to AWHC's December 5, 2021, FOIA request.

32. By failing to perform an adequate search reasonably calculated to locate all responsive records to AWHC's December 5, 2021, FOIA request, Defendant USDA has denied AWHC's right to this information as provided by law under the Freedom of Information Act.

33.  Unless enjoined by this Court, Defendant USDA will continue to violate

AWHC's legal rights to be provided with copies of the records which it has requested in its FOIA request described in paragraph 13 above.

34.  AWHC is directly and adversely affected and aggrieved by Defendant USDA's failure to provide responsive records to its FOIA request described above.

35.  AWHC has been required to expend costs and to obtain the services of a law firm, consisting of attorneys, law clerks, and legal assistants, to prosecute this action.

36.  AWHC is entitled to reasonable costs of litigation, including attorney fees pursuant to FOIA 5 U.S.C. § 552(a)(4)(E).

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter Judgment for AWHC, providing the following relief:

1.  Declare Defendant USDA has violated FOIA by failing to provide AWHC with all non-exempt records responsive to its December 5, 2021, FOIA request.

2. Declare Defendant USDA has violated FOIA by failing to complete an adequate search for records responsive to AWHC's December 5, 2021, FOIA request.

3. Direct by injunction that Defendant USDA perform an adequate search for records responsive to its December 5, 2021, FOIA request and provide AWHC with all non-exempt responsive records to AWHC's December 5, 2021, FOIA request.

4. Grant AWHC's costs of litigation, including reasonable attorney fees, as provided by FOIA, 5 U.S.C. § 552(a)(4)(E); and,

5. Provide such other relief as the Court deems just and proper.

DATED: This 7th day of April, 2022.

Respectfully submitted,

 /s/ *Daniel J. Stotter*
Daniel J. Stotter (WI0015)
Stotter Law Office
408 SW Monroe Ave., Ste. M210E
Corvallis, Oregon 97333
(541) 738-2601
dstotter@qwestoffice.net

**Attorney for Plaintiff**